UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN G. KANE, M.D., et al.<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A, INC., et al.,<br><br>Defendants. | Civil Action No. 21-20254 (GC) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge.**

  **THIS MATTER** comes before the Court upon the Motion of Defendant Home Depot U.S.A., Inc. ("Home Depot"), seeking Reconsideration of the Court's May 4, 2023 Text Order, granting Plaintiffs' request to compel Home Depot to produce certain responsive information to discovery requests (the "Motion for Reconsideration"). (Dkt. No. 36). Plaintiffs Bryan G. Kane, M.D., Kathleen E. Kane, M.D., Alexander G. Kane, and W.K. a minor, (collectively "Plaintiffs") oppose the Motion. (Dkt. No. 37). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Home Depot's Motion for Reconsideration is **DENIED**.

**I.  BACKGROUND**

  As the facts are well-known to the parties and the Court, they are not set forth at length herein. Instead, only those facts and procedural history related to the instant application are discussed herein.

1

This action arises out of Plaintiffs' allegations, *inter alia*, that the Boy Scouts of America rented from Home Depot a Billy Goat Brushcutter (the "Subject Product"), which injured Plaintiffs Bryan Kane and Alexander Kane when, on or about June 12, 2021, a third party operated the Subject Product and the blade was expelled from the Subject Product. (*See generally* Dkt. No. 3). Home Depot denies the allegations. (Dkt. No. 4). Through discovery, Defendant Rotary Corporation ("Rotary"), the blade manufacturer, has asserted that the expelled blade that caused the alleged injuries was not intended to be placed on the Subject Product, but rather was intended for a DR Power Brushcutter. (*See* Dkt. No. 7, 34). Home Depot, through discovery, contends that it did not maintain in its stock blades for a DR Power Brushcutter. (*See* Dkt. No. 34, 36).

On May 1, 2023, Plaintiffs filed a letter with the Court raising an informal discovery dispute pursuant to Local Civil Rule 37.1, seeking the Court to compel Home Depot to provide the identity and contact information for any customers who had rented the Subject Product before Plaintiffs were injured. (Dkt. No. 34). On May 4, 2023, the Court held a telephone conference with the parties to discuss the informal discovery dispute. Through that conference, the Court heard arguments from Home Depot as to its objections to the request. More specifically, Home Depot argued that, contrary to Plaintiffs' position, the recent deposition of a Home Depot employee—Jeffrey Gannon—did not place into dispute whether a customer replaced the blade on the Subject Project and that Home Depot would be unduly burdened and/or prejudiced by producing the names of the customers because such disclosure would infringe upon its customers' privacy interests and could potentially deter customers from renting from Home Depot. Home Depot also objected to the sought-after discovery on the basis that Plaintiffs had exceeded the number of interrogatories permitted without further leave of Court. Plaintiffs, in response, contended that Mr. Gannon's testimony solidified the relevancy of the sought-after information.

Per Plaintiffs, Mr. Gannon was the head of the Tool Rental Department at Home Depot at the time of the rental of the Subject Product and testified that Home Depot did not keep the expelled blade in stock. Plaintiffs contend that they thus need to conduct discovery as to whether a prior Home Depot customer could have placed the expelled blade on the Subject Product before returning the Subject Product to Home Depot. Plaintiffs also pointed out that Mr. Gannon had testified that, in some instances, customers may install other blades on Home Depot rental products before returning them.

Having heard argument of counsel, considering the scope of permissible discovery under the Federal Rules of Civil Procedure, and exercising the Court's discretion to resolve discovery disputes, the Court granted Plaintiffs' request to compel Home Depot to produce the names of the customers who rented the Subject Product prior to the alleged accident at issue in this action. The Court further noted that a Discovery Confidentiality Order had been entered in this case on or about August 4, 2022, and, as appropriate, Home Depot could designate its responsive information accordingly.

On May 11, 2023, Home Depot filed a Motion for Reconsideration of the May 4, 2023, Order, (Dkt. No. 36), which Plaintiffs have opposed, (Dkt. No. 37).

## II.    LEGAL STANDARD

Motions for reconsideration serve "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Local Civil Rule 7.1(i) governs such motions and focuses on issues that a party "believes the Judge or Magistrate Judge

has overlooked." L. Civ. R. 7.1(i); *see also in re Martin & Harris Priv. Ltd.*, No. 20-17070, 2022 WL 3040948, at *3 (D.N.J. Aug. 2, 2022) (internal citations, quotation and editing marks omitted).

The movant bears the burden of demonstrating an intervening change in law, the availability of new evidence not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe*, 176 F.3d at 677; *in re Vehicle Carrier Ser. Antitrust Litig.*, No. 13-3306, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016). Courts will deny a motion for reconsideration based on the same facts and case law or where a party simply disagrees with the court's decision. *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). Similarly, "absent unusual circumstances," a court will not consider new evidence which could have been presented prior to the Court's decision. *Cranmer v. Phila. Indem. Ins. Co.*, No. 14-3206, 2016 WL 3566728, at *4 (D.N.J. June 30, 2016), *aff'd*, 719 F. App'x 95 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 1566 (2018). As a result, a movant may only proffer facts that could not have been previously proffered. *Id.* (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").

Ultimately, courts grant such motions "'very sparingly.'" *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005) (quoting *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003)). Whether to grant a motion for reconsideration lies within the Court's sound discretion. *Iacono v. Mauger*, No. 08-1197, 2008 WL 2945973, at *1 (D.N.J. July 29, 2008).

### III. DISCUSSION

Through the Motion for Reconsideration, Home Depot seeks reconsideration by arguing that the testimony of Mr. Gannon does not render the customer information relevant because Mr. Gannon did not specifically testify that a customer changed the blade on the Subject Product. (Dkt. No. 36). In addition, Home Depot contends that it would be unduly prejudiced if it were required to produce its customers' names and contact information because those customers have an undefined privacy interest and future customers may be deterred from renting products from Home Depot if they believed such information could be disclosed in lawsuits. (Dkt. No. 36).

Plaintiffs oppose the Motion, contending that, while Mr. Gannon did not testify that a customer did replace the blade on the Subject Product, Mr. Gannon testified in a manner that raised the question of whether a customer did replace the blade before the accident at issue. More specifically, Plaintiffs point out that Mr. Gannon testified that Home Depot did not rent DR Power products and did not stock the blade that was found on the Subject Product. According to Plaintiffs, it, thus, is relevant whether the blade came "from another source" and/or whether any prior customer discussed with Home Depot employees the quality of the Subject Product and/or its blade. (Dkt. No. 37).

Here, Home Depot has not pointed to any intervening change in law, the need to correct a clear error of law or fact or to prevent <u>manifest</u> injustice, or the availability of new evidence not previously available. Rather, Home Depot puts in writing through the Motion for Reconsideration the same arguments it raised orally, and which were considered by the Court, during the Court's May 4, 2023 conference.

Notably, on a motion for reconsideration, the Court may only consider evidence that was not previously available at the time of the original ruling; while the parties chose not to submit to the Court the full transcript of Mr. Gannon's deposition testimony at the time of the May 4, 2023 conference, the transcript was available. *See Cranmer*, 2016 WL 3566728, at *4. Indeed, during the conference with the Court, the parties discussed the testimony and Home Depot's counsel read quotes it found applicable for the Court's consideration of Home Depot's objections. Moreover, a review of the full transcript offered on the instant Motion does not change the Court's ruling that the identity of customers who rented the Subject Product before the alleged injury is relevant to the claims and defenses in this case as guided by Federal Rule of Civil Procedure 26(b)(1). The issue of how the blade became attached to the Subject Product is at issue and Plaintiffs are entitled to discover whether a third party who had prior custody and access to the Subject Product placed the blade on the Subject Product. *See Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, No. 20-11050, 2022 WL 2191519, at *3 (D.N.J. June 17, 2022) ("Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage.") (citation omitted)).

Moreover, the Court already considered in its May 4, 2023 ruling Home Depot's undue prejudice and/or burden argument in regards to its customer privacy interests.[1] In the Motion for Reconsideration, Home Depot does not identify any new privacy concern or undue prejudice not previously raised with the Court. The Court notes that Home Depot's customer names are not subject to any applicable privilege and the production of such information is limited to just those

---

[1] The Federal Rules of Civil Procedure permit a Court to balance undue "burden" (as compared to "prejudice") in determining the proportionality of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1). Through the Motion for Reconsideration, Home Depot does not raise expressly an argument as to undue burden, but one as to undue prejudice. (*See* Dkt. No. 36). The Court construes Home Depot's arguments as raising both undue burden and prejudice.

customers who had access to the Subject Product, which may be designated as Confidential as appropriate under the Discovery Confidentiality Order. Further, while the Court recognizes that Home Depot may not prefer to have to disclose their customer names, Home Depot has not shown that any burden or prejudice would be <u>undue</u> in balancing the needs and proportionality of the issues in this case; that, hypothetically, future customers may prefer not to rent products from Home Depot because of a limited disclosure in this case does not rise to the level of placing an undue burden on Home Depot or being unduly prejudicial to Home Depot, considering the nature of the issues in this action. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C); *Campbell v. Sedgwick, Detert, Moran & Arnold*, No. 11-642, 2012 WL 12898345, at *3 (D.N.J. Oct. 9, 2012) ("Unsupported claims of undue burden are insufficient when the requests are otherwise relevant and limited.") (citation omitted)).

Accordingly, Home Depot has failed to establish that reconsideration is warranted in this instance.

### IV.    CONCLUSION

For the reasons set forth above,

**IT IS, THEREFORE**, on this **6th** day of **June 2023**,

**ORDERED** that Home Depot's Motion for Reconsideration is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry Number 36.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**